United States District Court
Southern District of Texas
**ENTERED**
September 28, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **MARIA MARTHA GONZALEZ-GARCIA** § | |
| Petitioner, § | |
| § | |
| v. § | **Civil Action No. 1:16-96** |
| § | **Criminal No. 1:14-968-1** |
| **UNITED STATES OF AMERICA,** § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 16, 2016, Petitioner Maria Martha Gonzalez-Garcia ("Gonzalez-Garcia") filed a Motion to Vacate, Set Aside, or Correct her Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Gonzalez-Garcia's motion be **DENIED** because her petition is, on its face, factually and legally meritless.

## I. Procedural and Factual Background

On December 2, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Gonzalez-Garcia for illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. §§1326(a) and 1326(b)(1). U.S. v. Maria Martha Gonzalez-Garcia, Criminal No. 1:14-968-1, Dkt. No. 7 (hereinafter "CR").

### A. Rearraignment

On January 13, 2015, Gonzalez-Garcia appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 13. That same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Gonzalez-Garcia's guilty plea. Id.

1

**B. Sentencing**

In the final presentence report ("PSR"), Gonzalez-Garcia was assessed a base offense level of eight for unlawfully entering the United States. CR Dkt. No. 17, p. 4.  Gonzalez-Garcia was also assessed an additional four-level enhancement because she had three prior felonies. Id.  Gonzalez-Garcia had a 2011 state court conviction for possession of a controlled substance and two prior convictions for illegal re-entry – one from 2009 and one from 2012. Id.  Gonzalez-Garcia received a two-level reduction for acceptance of responsibility. Id., p. 3.  Thus, Gonzalez-Garcia was assessed a total offense level of 10.

Regarding her criminal history, Gonzalez-Garcia had ten adult criminal convictions and was assessed nine criminal history points. CR Dkt. No. 17, pp. 5-11.  Gonzalez-Garcia was assessed an additional two criminal history points because she was on supervised release[1] at the time that she committed the instant offense. Id., p. 11.  This resulted in a criminal history category of V. Id.  Based upon Gonzalez-Garcia's offense level of 10 and criminal history category of V, the presentence report identified a guideline sentencing range of 21 to 27 months of imprisonment. Id., p. 16.

On April 20, 2015, the District Court adopted the Magistrate Judge's report and recommendation, accepting Gonzalez-Garcia's guilty plea. CR Dkt. No. 22.  On May 20, 2015, the District Court sentenced Gonzalez-Garcia to 24 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 24.  The judgment was entered on June 4, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Gonzalez-Garcia's deadline for filing a notice of direct appeal passed on June 18, 2015. Id.

---

[1] Gonzalez-Garcia was on supervised release following a 2012 conviction for illegally re-entering the United States after having been deported. CR Dkt. No. 17, p. 11.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On May 16, 2016, Gonzalez-Garcia timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1. In her motion, Gonzalez-Garcia asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

**II. Applicable Law**

    **A. Section 2255**

Gonzalez-Garcia seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives her direct appeal, the Court is entitled to presume that she stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Gonzalez-Garcia's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Gonzalez-Garcia's claim.

**A. Johnson is Inapplicable**

Gonzalez-Garcia asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added).  The underlined portion of § 924(e)(2)(B) has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").  The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S.

4

Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Gonzalez-Garcia, none of it applies to her case. Gonzalez-Garcia was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).  Instead, she was convicted of violating 8 U.S.C. §§1326(a) and 1326(b)(1). CR Dkt. No. 7.  Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 17.  Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Gonzalez-Garcia with a vehicle for relief.

### B.  Gonzalez-Longoria Affords No Relief

Gonzalez-Garcia makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016).  There, the panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235.

Any relief that Gonzalez-Garcia may have found in that decision was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[2]

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc). Accordingly, even if § 16(b) applied to her case, Gonzalez-Garcia is entitled to no relief under Gonzalez-Longoria.

More to the point, Gonzalez-Garcia's sentence was not enhanced for a "crime of violence" under 8 U.S.C. §1101(a)(43)(F) or 18 U.S.C. § 16. See CR Dkt. No. 17, p. 4. Instead, she received an "enhanced" sentence as a result of her prior convictions for committing three felonies, not a "crime of violence." The two are substantively different and the analysis in Johnson is not applicable to Gonzalez-Garcia's case.

Furthermore, an examination of Gonzalez-Garcia's sentence clearly shows that there was no error. Pursuant to U.S.S.G. § 2L1.2(b)(1)(D), a sentence is increased by four levels for any felony conviction. Under the Sentencing Guidelines, a felony is defined as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." See Commentary U.S.S.G. § 2L1.2. A four level enhancement was added to Gonzalez-Garcia's sentence, because she had three prior felony convictions: two prior illegal re-entry convictions – in this Court – and one prior state conviction for possession of a controlled substance. Violence is not a requirement for an enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(D). The Sentencing Guidelines do not make reference to a residual "crime of violence" provision. Furthermore, the Sentencing Guidelines provision does not contain, or incorporate, any phrases or clauses resembling those "catch-all" or vague terms considered unconstitutional in Johnson.[3]

---

[3] The Court recognizes that there is a split among the circuits as to whether the void-for-vagueness doctrine employed in Johnson applies to the Sentencing Guidelines. Compare Ramirez v. U.S., 799 F.3d 845, 856 (7th Cir. 2015), and U.S. v. Maldonado, 636 Fed. App'x. 807, 2016 WL 229833, at *3 (2d Cir. Jan. 20, 2016), and U.S. v. Frazier, 621 Fed. App'x. 166, 2015 WL 5062273, at *1-2 (4th Cir. 2015), and U.S. v. Goodwin, 625 Fed. App'x. 840, 843-44 (10th Cir. 2015), and U.S. v. Willis, 795 F.3d 986, 996 (9th Cir. 2015) (assuming that the vagueness doctrine applies to both statutory and Guideline provisions), with U.S. v. Matchett, 802 F. 3d 1185, 1194-95 (11th Cir. 2015). (holding that the vagueness doctrine does not apply to advisory guidelines). The Fifth Circuit found it unnecessary to answer this question. Gonzalez-Longoria, slip op. at p. 5 n. 3. Because the petitioner does not dispute this issue, the Court does not address it here.

Thus, Gonzalez-Garcia's reliance on Johnson and its progeny is factually and legally misplaced. Accordingly, her claim is meritless and should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Maria Martha Gonzalez-Garcia's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Gonzalez-Garcia's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Gonzalez-Garcia's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on September 28, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge